UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-22758

GABY MALDONADO,

    Plaintiff,

vs.

MACY'S FLORIDA STORES, LLC and
L'OREAL USA, INC.,

    Defendants.

_____

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, L'OREAL USA, INC. ("L'OREAL"), pursuant to 28 U.S.C. § 1441, hereby removes to this Court the cause of action currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida styled *Gaby Maldonado v. Macy's Florida Stores, LLC, et al.,* Case No. 19-024430 CA 22, and says:

### Introduction

1.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332.

2.     This action was commenced against L'OREAL and MACY'S FLORIDA STORES, LLC ("Macy's") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, when Plaintiff filed her Second Amended Complaint. A true and correct copy of Plaintiff's Second Amended Complaint is attached hereto as Exhibit "A".[1]

---

[1] Plaintiff commenced her initial lawsuit against Macy's Florida Stores, LLC in August 2019. Thereafter, Plaintiff filed a First Amended Complaint adding Estee Lauder, Inc. as a party-Defendant. The Second Amended Complaint is the first time L'OREAL has been named as a party-Defendant.

3. L'OREAL was served with Plaintiff's Second Amended Complaint on June 3, 2020. A true and correct copy of the Notice of Service of Process and Summons is attached as Exhibit "B".

**Removal is Proper Because there is Complete Diversity of Citizenship**

4. Plaintiff's Second Amended Complaint purports to state a cause of action for negligence related to a fall off a table (while getting a facial) allegedly resulting in serious and permanent injuries to Ms. Maldonado. (*See* Ex. "A"). Plaintiff's Second Amended Complaint seeks damages against L'OREAL for an amount exceeding $30,000.00, the minimum jurisdictional threshold for circuit court in Florida, exclusive of interest and costs. (*See Id.* at ¶¶ 1, 17-26).

5. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a), which provides for the removal of any civil action "brought in a State court of which the district courts of the United States have original jurisdiction . . .."

6. This is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff, L'OREAL, and Macy's and the matter in controversy exceeds $75,000.00, exclusive of interests and costs.

7. At the time this action was filed and at the time of filing this Notice of Removal, Plaintiff was, and is, a citizen of Florida. (*See* Ex. "A" at ¶ 2).

8. At the time the action was filed and at the time of filing this Notice of Removal, L'OREAL was, and is, a Delaware corporation, with its principal place of business in New York. (*See* Detail by Entity Name from Florida Department of State, Division of Corporations, attached hereto as Exhibit "C").

9. At the time the action was filed and at the time of filing this Notice of Removal, Macy's was, and is, an Ohio corporation, with its principal place of business in Ohio[2]. (*See* Detail by Entity Name from Florida Department of State, Division of Corporations, attached hereto as Exhibit "D").

10. Accordingly, diversity of citizenship exists under 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states.

11. Further, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. According to the allegations of the Second Amended Complaint, Ms. Maldonado was damaged by L'OREAL's negligence and caused to suffer serious and permanent injuries. (*See* Ex. "A" at ¶¶ 1, 17-26). Ms. Maldonado's counsel also advised the undersigned that he could not stipulate that damages are under the $75,000.00 jurisdictional threshold since Plaintiff has suffered a myriad of injuries to her head, neck, shoulder, and back, including herniations, with approximately $30,000-plus in medicals alone.

12. Cases in Florida out of the 11th Judicial Circuit, involving herniations, regularly result in verdicts and/or settlements in excess of $75,000. (*See* Jury Verdict Reports involving claimed herniations without surgery, all resulting in settlements/verdicts in excess of $100,000).

**Procedural Requirements**

13. This notice of removal is being properly filed in the Southern District of Florida, since this is the district court of the United States within which the state court action is pending. *See* 28 U.S.C. § 1446(a).

14. This notice of removal is being timely filed with this Court within thirty (30) days after L'OREAL was served with Plaintiff's Second Amended Complaint. *See* 28 U.S.C. § 1446(b).

---

[2] Counsel for Macy's confirmed that Macy's has no objection to the instant removal.

15. A copy of this notice of removal is being filed with the state court where this action is pending and notice thereof is being given to all adverse parties "promptly after" the filing of the notice in this Court. *See* 28 U.S.C. § 1446(d).

16. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit "A" and Exhibit "B" are true and correct copies of Plaintiff's Second Amended Complaint and the Notice of Service of Process and Summons indicating service on L'OREAL, respectively. Further, all other documents appearing on the state court docket are attached hereto as Composite Exhibit "E".

**No Waiver of Defenses nor Admission of Plaintiffs' Allegations**

17. By filing this notice of removal, L'OREAL does not (a) waive any available defenses or (b) admit any allegations set forth in Plaintiff's Second Amended Complaint.

WHEREFORE, Defendant L'OREAL USA, INC. respectfully requests that this Court exercise jurisdiction over this action.

Dated: July 3, 2020           Respectfully submitted,
       Boca Raton, FL

**SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.**
*Attorneys for Defendant*
7777 Glades Road
Suite 400
Boca Raton, FL 33434
Telephone:   (561) 477-7800
Facsimile:   (561) 477-7722

By:   *s/ Robert E. Sacks*
      ROBERT E. SACKS ESQ.
      Florida Bar No. 388970
      rsacks@sbwh.law
      sfiero@sbwh.law
      floridaservice@sbwh.law

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel on the Service List below via email transmission.

*s/ Robert E. Sacks*
ROBERT E. SACKS, ESQ.

## SERVICE LIST

William C. Ruggiero, Esq.
Email: ruggiero@wcrlaw.com
Law Offices of William C. Ruggiero
200 South Andrews Ave., Suite 703
Fort Lauderdale, Florida 33301

Robert J. Squire, Esq.
Rahysa Vargas, Esq.
Email: rsquire@rlattorneys.com
Email: rvargas@rlattorneys.com
Resnick & Louis, P.C.
444 Brickell Ave., Suite 300
Miami FL 33131