# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 19-024430 CA 22

**GABY MALDONADO,**

       Plaintiff,

vs.

**MACY'S FLORIDA STORES, LLC
and L'OREAL USA, INC.,**

       Defendants.
_____/

## SECOND AMENDED COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, GABY MALDONADO, by and through undersigned counsel and sues the Defendants, MACY'S FLORIDA STORES, LLC and L'OREAL USA, INC., and alleges as follows:

1. That this is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars.

2. That the Plaintiff, GABY MALDONADO, at all times material and relevant hereto was a resident of Miami, Miami-Dade County, Florida, and is sui juris.

3. That the Defendant, MACY'S FLORIDA STORES, LLC, is and has been at all times material hereto licensed to do business in the State of Florida.

4. That the Defendant, L'OREAL USA, INC., is and has been at all times material hereto licensed to do business in the State of Florida.

## COUNT I

### (Claim Against Defendant, MACY'S FLORIDA STORES, LLC)

The Plaintiff reaffirms and realleges each and every allegation contained in paragraphs 1 through 4 as if fully set forth herein.

5. That on or about July 7, 2018, the Plaintiff, GABY MALDONADO, was lawfully on the premises of the Defendant, MACY'S FLORIDA STORES, LLC, located at 7303 North Kendall Drive, Miami, Miami-Dade County, Florida, as a business invitee.

6. That on or about July 7, 2018, the Defendant, MACY'S FLORIDA STORES, LLC, by and through its agents, employees, and/or servants, had exclusive dominion, possession and control of the premises.

7. That on or about July 7, 2018, the Defendant, MACY'S FLORIDA STORES, LLC, by and through its agents, employees, and/or servants, negligently and carelessly maintained the above mentioned premises, to-wit: The Plaintiff was getting a facial on the Defendant's premises, and when the Plaintiff laid on a table, the table collapsed, causing the Plaintiff, GABY MALDONADO, to fall and seriously injure herself.

8. That the Defendant, MACY'S FLORIDA STORES, LLC, either knew or should have known of the existence of the dangerous condition of the facial table and should have taken steps to warn the Plaintiff, GABY MALDONADO, of the existence of the dangerous condition.

9. That the Defendant, MACY'S FLORIDA STORES, LLC, had a non-delegable duty to maintain the facial tables in a reasonably safe and proper condition for the general public.

10. That the Defendant failed to maintain said facial table in a safe and proper condition.

11. That the Defendant, MACY'S FLORIDA STORES, LLC, was negligent in creating or permitting the aforementioned dangerous and hazardous condition to remain upon the premises, rendering said premises dangerous and unsafe for the Plaintiff.

12. That the Defendant, MACY'S FLORIDA STORES, LLC, failed to warn the Plaintiff, GABY MALDONADO, of the aforementioned condition and the risk involved in as much as the presence of the Plaintiff, GABY MALDONADO, was known or reasonably foreseeable by the Defendant, MACY'S FLORIDA STORES, LLC, and the Plaintiff, GABY MALDONADO, neither knew nor should have known of said condition and risk by the use of reasonable care.

13. That as a result of the Defendant's negligence, Plaintiff, GABY MALDONADO, was severely injured.

14. That as a direct and proximate result of the negligence of the Defendant, MACY'S FLORIDA STORES, LLC, the Plaintiff, GABY MALDONADO, was injured in and about her body and extremities, suffered pain therefrom, suffered physical handicap, lost wages, loss of ability to earn money in the past and in the future, aggravation of a previously existing condition and suffered the inability to lead a normal life; all of which are permanent and continuing in nature.

15. In addition, as a direct and proximate result of the Defendant, MACY'S FLORIDA STORES, LLC, the Plaintiff, GABY MALDONADO, incurred medical expenses in the treatment of injuries and will continue to incur said expenses in the future.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, MACY'S FLORIDA STORES, LLC, and a trial by jury of all issues triable as a right by a jury.

## COUNT II
### (Claim Against Defendant, L'OREAL USA, INC.)

The Plaintiff reaffirms and realleges each and every allegation contained in paragraphs 1 through 4 as if fully set forth herein.

16. That on or about July 7, 2018, the Plaintiff, GABY MALDONADO, was lawfully on the premises of the Defendant, MACY'S FLORIDA STORES, LLC, located at 7303 North Kendall Drive, Miami, Miami-Dade County, Florida, as a business invitee.

17. That on or about July 7, 2018, the Defendant, L'OREAL USA, INC., by and through its agents, employees, and/or servants, had exclusive dominion, possession and control of the premises.

18. That on or about July 7, 2018, the Defendant, L'OREAL USA, INC., by and through its agents, employees, and/or servants, negligently and carelessly maintained the above mentioned premises, to-wit: The Plaintiff was getting a facial on the Defendant's premises, and when the Plaintiff laid on a table, the table collapsed, causing the Plaintiff, GABY MALDONADO, to fall and seriously injure herself.

19. That the Defendant, L'OREAL USA, INC., either knew or should have known of the existence of the dangerous condition of the facial table and should have taken steps to warn the Plaintiff, GABY MALDONADO, of the existence of the dangerous condition.

20. That the Defendant, L'OREAL USA, INC., had a non-delegable duty to maintain the facial tables in a reasonably safe and proper condition for the general public.

21. That the Defendant, L'OREAL USA, INC., failed to maintain said facial table in a safe and proper condition.

22. That the Defendant, L'OREAL USA, INC., was negligent in creating or permitting the aforementioned dangerous and hazardous condition to remain upon the premises, rendering said premises dangerous and unsafe for the Plaintiff.

23. That the Defendant, L'OREAL USA, INC., failed to warn the Plaintiff, GABY MALDONADO, of the aforementioned condition and the risk involved in as much as the presence of the Plaintiff, GABY MALDONADO, was known or reasonably foreseeable by the Defendant, L'OREAL USA, INC., and the Plaintiff, GABY MALDONADO, neither knew nor should have known of said condition and risk by the use of reasonable care.

24. That as a result of the Defendant's negligence, Plaintiff, GABY MALDONADO, was severely injured.

25. That as a direct and proximate result of the negligence of the Defendant, L'OREAL USA, INC., the Plaintiff, GABY MALDONADO, was injured in and about her body and extremities, suffered pain therefrom, suffered physical handicap, lost wages, loss of ability to earn money in the past and in the future, aggravation of a previously existing condition and suffered the inability to lead a normal life; all of which are permanent and continuing in nature.

26. In addition, as a direct and proximate result of the Defendant, L'OREAL USA, INC., the Plaintiff, GABY MALDONADO, incurred medical expenses in the treatment of injuries and will continue to incur said expenses in the future.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, L'OREAL USA, INC., and a trial by jury of all issues triable as a right by a jury.

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed this 17th day of April 2020 to: **Robert J. Squire, Esquire and Rahysa Vargas,**

**Esquire,** Resnick & Louis, P.C., 444 Brickell Avenue, Suite 300, Miami, Florida 33131, 786-292-2080 (Email: rsquire@rlattorneys.com; rvargas@rlattorneys.com; jarrechea@rlattorneys.com; rlacayo@rlattorneys.com).

        Respectfully submitted,

        LAW OFFICES OF WILLIAM C. RUGGIERO
        Attorneys for Plaintiff
        Museum Plaza, Suite 703
        200 South Andrews Avenue
        Fort Lauderdale, Florida 33301
        Phone: (954) 462-2300
        Email: Ruggiero@wcrlaw.com

BY:   /s/ *William C. Ruggiero*
        WILLIAM C. RUGGIERO
        Florida Bar No. 878499

WCR:frt